UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALFREDA JEANNETTE POLSON,

                Plaintiff,

-vs-                                                Case No.  5:05-cv-72-Oc-10GRJ

MBNA AMERICA BANK, N.A., an
enterprise affecting interstate commerce,
ERSKINE & FLEISHER, an enterprise
affecting interstate commerce, STANLEY B.
ERSKINE, an individual predicate action in
schemes violating federal laws providing
that fraud and extortion are malum in se
offenses, WOLPOFF & ABRAMSON, (if
involved) an enterprise affecting interstate
commerce,

                Defendants.
_____

## O R D E R

Plaintiff Alfreda Jeannette Polson filed this *pro se* complaint against Defendants MBNA America Bank, N.A., Erskine & Fleisher, Stanley B. Erskine, and Wolpoff & Abramson, alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.*, stemming from MBNA's attempt to collect over $3,000.00 in credit card debt from the Plaintiff. The case is before the Court on the Defendants' motions to dismiss (Docs. 4, 8, & 9). The Plaintiff has not responded. Upon due consideration, the Plaintiff's complaint is due to be dismissed without leave to amend because the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and because the Plaintiff cannot state a claim under the RICO Act.

**Background and Facts**

The Plaintiff's complaint bears a striking resemblance to three other *pro se* complaints filed in the district courts in Ohio, California, and New Hampshire.[1] Each of these complaints was dismissed for the same or similar reasons.

It is difficult to discern the salient points of the Plaintiff's supposed claim from the rambling and disjointed allegations in her complaint. As best as can be determined, the Plaintiff alleges that she was victimized by the Defendants' "debt collection fraud racket," which she says works as follows. First, MBNA sells delinquent credit card accounts to collection firms such as Defendant Wolpoff & Abramson, which then "collude with scam artist [sic] such as the National Arbitration Forum" to obtain arbitration awards against the card holder. Once an award is obtained, the collection firm then engages the services of entitles like Defendant Erskine & Fleisher and "scam artists" such as Defendant Stanley B. Erskine, who use "threat, coercion, intimidation, and deception to defraud and extort money and property from parties such as [the Plaintiff]." Apparently, such efforts involve the filing of "fraudulent lawsuits" against persons like the Plaintiff where judges such as Donna F. Miller "take an attitude of 'guilty without consideration of the facts.'" The Plaintiff's complaint goes on to list three "predicate acts," consisting of allegations that on three different days "Stanley B. Erskine filed a fraudulent security instrument that fraudulently claimed that [the Plaintiff] was indebted to MBNA (America Bank), N.A. in a sum in excess of $3,066.28 thousand dollars [sic]."

---

[1] Doc. 9, composite exhibit A.

**Discussion**

The Defendants have moved to dismiss the complaint on several different grounds, including: (1) the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; and (2) the complaint fails to sufficiently state a claim under the RICO Act. The Court agrees and concludes that the complaint is due to be dismissed. The Plaintiff will not be given leave to amend because the deficiencies in her complaint cannot be cured by amendment

***The Rooker-Feldman Doctrine***

"*Rooker-Feldman* provides that federal courts, other than the United States Supreme Court, do not have jurisdiction to review the final judgments of state courts. *Rooker-Feldman* bars lower federal court jurisdiction where four criteria are met: (1) the party in federal court is the same as the party in state court, (2) the prior state court ruling was a final or conclusive judgment on the merits, (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment."[2]

The Defendants maintain that the Plaintiff's complaint is merely a collateral attack of the Final Summary Judgment entered against the Plaintiff in favor of MBNA by the Fifth

---

[2] Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir. 2003) (citing Rooker v. Fidelity Trust CO., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983) (other internal citations omitted)).

Judicial Circuit in and for Lake County, Florida on November 22, 2004.[3] All four conditions for application of the *Rooker-Feldman* doctrine are present. The Plaintiff was the defendant in the prior state court action. Final summary judgment was entered against the Plaintiff entitling MBNA to recover the unpaid balance of the Plaintiff's credit card account ($3,066.26) from the Plaintiff. The Plaintiff had a reasonable opportunity to raise any federal claims in that proceeding. Lastly, the issues before this Court are inextricably intertwined with the state court judgment as they relate to the validity of the Plaintiff's indebtedness. The Plaintiff's allegations that "Erskine's fraudulent claim was urged under color of an official right," that the Defendants "have used the courts for purposes of fraud and extortion," and that the state court judge was involved in the fraud suggest an indirect attack on the prior state court judgment. Although there is an exception to the *Rooker-Feldman* doctrine where the state court judgment was "procured through fraud, deception, accident, or mistake," there are no facts supporting the conclusory allegations of fraud in the complaint[4]. Accordingly, the Court lacks subject matter jurisdiction to consider the Plaintiff's claim.

---

[3] See MBNA America Bank, N.A. v. Jeannette Polson, Case No. 2004-SC-001749; Doc. 9, exhibit D.

[4] In re Sun Valley Foods, Co., 801 F.2d 186, 189 (6th Cir. 1986) ("A federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake. . . .'" (quoting Resolute Ins. Co. v. State of North Carolina, 397 F.2d 586, 589 (4th Cir. 1968)).

***Failure to State a Claim under the RICO Act***

"RICO makes in unlawful 'to conduct or participate, directly or indirectly, in the conduct of [an] enterprise [that affects interstate commerce] through a pattern of racketeering activity.'"[5] "Racketeering activity" is defined as (1) any act or threat involving, inter alia, extortion, which is chargeable under State law and punishable by imprisonment for more than one year; or (2) any act which is indictable under certain provisions of title 18, United States Code.[6] In order to establish a pattern of racketeering activity, a plaintiff must show at least two "predicate acts."[7]

The Plaintiff has failed to allege a pattern of racketeering activity. The complaint contains little or no allegations relating to conduct on the part of MBNA, Erskine & Fleisher, or Wolpoff & Abramson - let alone conduct amounting to criminal activity. Indeed, the only predicate acts alleged in the complaint relate to the filing of "fraudulent security instrument[s]." It is apparent that these instruments refer to documents filed in the state court proceeding by Erskine as counsel for MBNA. The mere threat of a lawsuit, filing of a lawsuit, filing of legal documents, or even "fabrication of evidence behind a lawsuit" are not "predicate acts" under RICO sufficient to establish a pattern of racketeering activity.[8] The remaining conclusory allegations of "extortion" and "threat, coercion, intimidation, and

---

[5] Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 949 (11th Cir. 1997).

[6] 18 U.S.C. § 1961(A).

[7] Republic of Panama, 119 F.3d at 949.

[8] Raney v. Allstate Ins. Co., 370 F.3d 1086, 1087 (11th Cir. 2004).

deception" are simply inadequate. Accordingly, the Plaintiff has failed to allege a violation of the RICO Act.

## Conclusion

Accordingly, upon due consideration, it is adjudged that:

(1) the Defendants' motions to dismiss (Docs. 4, 8, & 9) are GRANTED;

(2) the Plaintiff's complaint is DISMISSED in its entirety and without leave to amend; and

(3) the Clerk is directed to enter judgment in favor of the Defendants and against the Plaintiff, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 31st day of May, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy